## Curtis' Estate

268

274

278

*J. Leon Rabben* and *Abraham Wernick,* assistant city solicitors, for *Joseph Sharfsin,* city solicitor, for exceptant.
*Richard T. McSorley,* contra.

KLEIN, J., December 31, 1937.—The City of Philadelphia presented a claim against this estate for personal property taxes due for the years 1931 to 1936, inclusive. These taxes were assessed under the provisions of the Act of June 12, 1931, P. L. 544, 72 PS §4844, no return of personal property having been made by the decedent in his lifetime. In addition to the tax with interest, the city sought to collect a delinquent tax penalty of seven percent under the provisions of section 13 of the Act of April 19, 1883, P. L. 9, and an additional penalty of five percent by authority of the Ordinance of December 15, 1930, Ordinances and City Solicitors' Opinions, page 679. The

learned auditing judge allowed the claim of the city in the amount of the taxes with interest at six percent, but refused to allow either of the penalties claimed by the city. To this refusal exceptions were taken by the city at the direction of the auditing judge.

We all believe the learned auditing judge has reached the proper conclusion. He has so fully discussed all of the statutes and decisions treating with the problem at hand in his well-considered adjudication and comprehensive supplemental adjudication, that little can be profitably added thereto.

Our attention has been called to the recent decision of the Court of Common Pleas No. 4 of this county, in City of Philadelphia v. Kolb, 30 D. & C. 229 (1937), in which both the seven percent and the five percent penalties were allowed. We agree with the auditing judge that it has no application in the instant case. In that case the tax was claimed under the provisions of the Act of June 17, 1913, P. L. 507. Section 16 of that act provides that the taxes levied thereunder be collected "as other taxes . . . are collected, under the laws of this Commonwealth". In the present case, the tax is claimed pursuant to the Act of June 12, 1931, supra. Judge Parker in Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158 (1935), pointed out that this amendment creates: "another distinct procedure for collecting taxes from those who have theretofore escaped liability".

It therefore becomes unimportant whether the delinquent tax penalty of seven percent claimed pursuant to the Act of 1883, supra, is limited to taxes on real estate only or applicable to personal property taxes also. It seems clear to us that it has no application to taxes collected under the procedure set forth in the 1931 amendment.

Learned counsel for the city in his oral argument before the court in banc and in his carefully prepared briefs urged that the failure of the accountants to appeal from

the imposition of the tax bars them from raising objections to the imposition of the penalties in this court. This same question was passed upon by us in Frederick's Estate, 23 D. & C. 475 (1935) [affirmed in 130 Pa. Superior Ct. 373]. In that case we carefully reviewed the authorities on this subject and concluded that whether there is a want of power to tax, or if the tax is levied without authority of law, the assessment could be challenged at the time of the presentation of the claim against the decedent's estate. We are still of this opinion.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.